[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed May 20, 1997
This is a summary process action. The plaintiff, who is represented by competent counsel, has moved for a default for failure to appear and judgment of possession.
Practice Book § 119 provides in pertinent part: "Every pleading and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name." To "`[s]ign' means `[t]o affix a signature to; to ratify or attest by hand or seal; to subscribe in one's own handwriting.' Webster, New International Dictionary (2d Ed.)." Ball v. Town Plan Zoning Commission, 146 Conn. 397, 402,151 A.2d 327 (1959). "[A] signature is the name of a person written with his own hand to signify that the writing which precedes accords with his wishes or intentions. Webster's Third New International Dictionary 2116. The signature to a writing is placed there, moreover, for the purpose ofauthenticating it. United States v. Wortman, 326 F.2d 717, 721-22
(7th Cir.); Brown v. State Auto. Ins. Assn. of Des Moines, 216 Minn. 329,337, 12 N.W.2d 712; 80 C.J.S. 1286, Signatures, § 1." (Emphasis added.) Fidelity Casualty Co. v. Constitution National Bank,167 Conn. 478, 491, 356 A.2d 117 (1975). While courts of law are not schools of penmanship, two wavy lines on a pleading (see Appendix) is not a name nor does it authenticate the pleading. To the extent that the marks were made by someone other than counsel of record, the pleading has not been filed by a person authorized to represent the plaintiff. To the extent that the mark has been made by counsel of record, it reflects "a general laxity which has crept into the management of judicial business"; EvergreenCooperative, Inc. v. Michel, 36 Conn. Sup. 541, 546, 418 A.2d 99 (1980); a flippant attitude toward the filing of pleadings, and a lack of due regard for the dignity of the judicial process.
The motion is denied.
LEVIN, J. CT Page 2511